IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSASS
CENTRAL DIVISION

**DALTON ELLIOTT**                                                                PLAINTIFF

VS.                    CASE NO. 4:23cv145-BSM

**CITY OF MAYFLOWER AND ARKANSAS
HEALTH GROUP, D/B/A BAPTIST HEALTH
OCCUPATIONAL HEALTH CLINIC**                                  DEFENDANTS

## COMPLAINT

COMES NOW THE **PLAINTIFF, DALTON ELLIOTT**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, who for his Complaint, states:

### PARTIES AND JURISDICTION

1. Plaintiff was employed by the City of Mayflower, in Faulkner County, Arkansas, in 2021-2022.

2. Defendant, City of Mayflower, is a municipal corporation. Defendant, Arkansas Health Group, is a domestic, non-profit corporation. Their operations substantially impact interstate commerce. Both Defendants are employers within the meaning of the ADA and ACRA, in that they employ more than 15 people during more than 20 calendar weeks of the year.

3. This case is brought for violation of the Arkansas Civil Rights Act and the Americans with Disabilities Act. There is Federal question jurisdiction, and supplemental jurisdiction over the State law claims as they arise out of the same operative set of facts.

### FACTS

4. Plaintiff was employed by the City of Mayflower as a police officer until August 1, 2022.

5. Plaintiff is diabetic and, on September 21, 2020, his leg was amputated, below the calf and he wears a prosthetic.

This case assigned to District Judge Miller
and to Magistrate Judge _____

6. Plaintiff returned to work part-time on September 16, 2021; and, was hired full-time on March 21, 2022, working with a prosthetic.

7. Plaintiff had a heart issue and returned to work on April 23, 2022.

8. Plaintiff worked until June 5, 2022.

9. Plaintiff had a health issue but was able to return to work on June 7, 2022.

10. Plaintiff was sent to Arkansas Health Group, (hereinafter "AHG") where an RN was supposed to determine his fitness for duty.

11. On July 7, 2022, AHG said he could not return to work because he had a prosthetic, which had nothing to do with why he had been off work.

12. They did not conduct any tests, or even ask him about his ability to perform any particular job functions with a prosthetic either with, or without, reasonable accommodation. Nor did they offer him any accommodation. Thus, they exercised control of his employment.

13. Plaintiff knows several officers who work patrol with a prosthetic leg.

14. Plaintiff had been doing the job that way for months. He told them this.

15. The RN did not care, nor give it any consideration.

16. The City of Mayflower would not allow Elliott to return to work based on the RN's recommendation.

17. Plaintiff went and got a Fitness for Duty examination on his own and passed all tests.

18. The City of Mayflower would not allow him to return to work and he was terminated.

19. Plaintiff timely filed EEOC charges against both Defendants and now brings suit less than ninety (90) days after issuance of a Right to Sue letter.

## COUNT I - DISABILITY DISCRIMINATION

20. Plaintiff restates the foregoing as if fully stated herein.

21. By virtue of the facts alleged herein, Plaintiff was denied reasonable accommodation, Defendants failed to engage in the good faith interactive process, wrote the letter based on his disability, subjected him to illegal testing, and got him fired based upon his disability (actual, record of, regarded as). Accordingly, both Defendants violated the ADA and ACRA. City of Mayflower receives federal funds, and also violated the Rehab Act.

22. As a result, Plaintiff lost wages and benefits, endured mental, emotional, and physical suffering and embarassment, medical bills.

23. The individual Defendants' conduct has been in willful, malicious, and intentional violation of the law, meriting punitive damages.

### JURY TRIAL

24. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays for the following relief: back pay and benefits, front pay and benefits, compensatory and punitive damages in an amount exceeding $75,000.00, to be decided by a jury, reinstatement, a positive reference, cleansing of his record, designation as rehire able, an apology, posting of the lawsuit and any verdict at the job site, training for managers, and other injunctive relief, reasonable attorney's fees and costs, declaratory relief that defendants violated the law, and a jury trial on all matters so triable.

Respectfully submitted,

Lucien R. Gillham, ARBN 99199
Luther O. Sutter, ARBN 95031
Attorneys for Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
(501) 315-1910 - Office
(501) 315-1916 – Facsimile
Lucien.gillham@gmail.com

By: /s/ Lucien R. Gillham
Lucien R. Gillham, ARBN 99199